## Harris's Petition.

*Insolvent's discharge—Imprisonment for fraud—Appeal—Printing evidence—Rule 26.*

In proceedings on application for discharge of an insolvent where the court below has found and declared that the judgment is founded upon actual fraud committed by petitioner in the embezzlement of the respondent's funds, the appellate court will not reverse the action of the court when the finding is sustained by the record, and where if the doubtful power of the appellate court to look behind the judgment is to be invoked the appellant has failed to print the evidence and charge of the court as required by Rule 26, section 8.

*Practice, Superior Court—Appeal pending in Supreme Court.*

The Superior Court will not suspend proceedings on an appeal until an appeal to the Supreme Court is determined when the latter appeal is not a supersedeas, and when it does not appear that the same questions and those only, are raised on the appeal to the Superior Court, as are raised on the appeal pending in the Supreme Court.

Argued Nov. 22, 1900. Appeal, No. 158, Oct. T., 1900, by W. S. Harris, from decree of C. P. Chester Co., for the benefit of the insolvent laws. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Petition of Willian S. Harris for discharge under the insolvent laws of the commonwealth. Before HEMPHILL, P. J.

The court below entered the following decree:

Upon the hearing of the petitioner's application, on June 25, 1900, for the benefit of the insolvent laws, Benjamin Irwin, a judgment creditor, filed an answer alleging that the judgment he recovered against the petitioner, and upon which he had issued a capias ad satisfaciendum, "is founded upon actual fraud committed by him in the embezzlement of the respondent's funds," and in proof thereof offered in evidence the record in the case of Benjamin Irwin v. William S. Harris in the court of common pleas of Chester county, No. 35, to April term, 1899.

An inspection of said record having satisfied us of the truth of the allegations of said respondent creditor, it is now, July 9, 1900, ordered and decreed that the petition of the said William S. Harris for discharge as an insolvent debtor be dismissed.

William S. Harris, petitioner, appealed.

*Errors assigned* among others were (1) in refusing to discharge the petitioner on the final hearing of his application for discharge under the insolvent laws. (2) In ruling that the record in the case of Irwin v. Harris, No. 35, April term, 1899, showed that the petitioner had been guilty of embezzlement or actual fraud.

*W. S. Harris,* for appellant.—An insolvent debtor will be discharged, although it is opposed because he was arrested on process on a judgment in an action for actual fraud, if the court by going behind the judgment as certain that the cause of action was not founded on actual fraud : Widmier's Case, 10 Phila. 81.

Counsel for appellee is hereby challenged to point to the testimony of the appellant where he admits embezzlement. There is no such evidence. There is no actual fraud shown in this case and therefore they have no standing: Howard v. McKee, 82 Pa. 409.

The appellant submits that he has printed all the letters offered in evidence on both sides bearing on the contract and what led up to it, as well as all the evidence that could enlighten the court on the subjects discussed. All questions raised in this case as well as several others will be passed upon by the Supreme Court in the appeal in that court. It is therefore suggested that this court should suspend its judgment until after the Supreme Court disposes of the appeal pending in that court. If the judgment is reversed in that court, then the appellee would have no standing whatever in this case, and this court would be relieved from the duty of giving the matter further consideration. Under the act of 1899, the case may be certified to the Supreme Court.

*J. Frank E. Hause,* for appellee.—The appellant has printed, in his appendix, ten pages of testimony, when, as a matter of fact, the testimony offered in opposition to his discharge covers ninety-seven typewritten pages. His failure to print all the evidence in the case is of itself sufficient to justify the court in dismissing his appeal. Waiving this neglect on his part, however, the court below was entirely justified in refusing his application for a discharge, because of the fact that the judgment upon which the capias ad satisfaciendum was issued, and

upon which he was arrested, was recovered in a proceeding based upon actual fraud.

The facts of the case are, practically, undisputed. The appellant had for a client Benjamin Irwin, to whom, in September, 1893, he wrote advising him that he could loan $1,925 for him, and later received the money.

When Irwin discovered that Harris, instead of investing the money, had appropriated it to his own use, an action of trespass was brought and a judgment for some $2,500 recovered. On this judgment a capias was issued, which resulted in the arrest of Harris and the subsequent proceedings for the benefit of the insolvent act.

In view of this naked exhibition of fraud on the part of Harris toward his client, the court below declined to discharge him, because he had not undergone the imprisonment provided for by the act of assembly. In this the court below was clearly right, and the present appeal should be dismissed.

PER CURIAM, December 10, 1900 :

The question involved in this appeal is whether or not the appellant was entitled to final discharge under his application for the benefit of the insolvent laws without first having undergone an imprisonment of sixty days, as provided in section 17 of the Act of June 16, 1836, P. L. 729. His contention is that the action in which the respondent obtained judgment against him was not founded upon actual fraud, as alleged by the latter, but upon contract, the breach of which did not involve either misconduct or neglect in any professional employment. He has not seen fit to print the record and pleadings in that action. We are, therefore, justified in presuming that the finding of the learned judge of the court below that the judgment " is founded upon actual fraud committed by him in the embezzlement of the respondent's funds," is sustained by the record. Even if it be granted that we have authority to look behind the judgment to ascertain the real cause of action in order to determine his right to discharge, he is in no better position. The question before us is, what was the cause of action upon which the judgment is founded, not whether errors were committed by the court or the jury in the trial of that action. If we are to determine the real cause of action, not from the pleadings alone,

but from the evidence given on the trial and the charge of the court, these ought to have been printed in full in his paper-book. See sec. 8, Rule 26. The extracts from the evidence which he has seen fit to print do not show that the court erred in the conclusion quoted above from the opinion filed in dismissing the petition.

The suggestion, that, under the 10th section of the Act of May 5, 1899, P. L. 248, we ought to stay all proceedings on this appeal until the appeal pending in the Supreme Court is determined, is not well founded. There was no supersedeas on the appeal from the original judgment, and the section above referred to applies only to cases where it is made to appear that the same questions, and those only, are raised on an appeal to this court, as are raised on appeal pending in the Supreme Court. This is not such a case.

The order is affirmed and the appeal dismissed at the costs of the appellant.